# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOSCATA MARTINEZ | : | |
| | : | |
| *Plaintiff* | : | Civil Action No. |
| | : | **COMPLAINT** |
| v. | : | **JURY DEMAND** |
| CAESARS OPERATING COMPANY, INC. | : | |
| and CAESARS ENTERNTAINMENT | : | |
| COMPANY, INC. and CAESARS | : | |
| ENTERTAINMENT, INC. d/b/a CHESTERS | : | |
| CASINO & RACETRACK, CHESTER DOWNS | : | |
| and MARINA, LLC. and HARRAH'S | : | |
| PHILADELPHIA CASINO & RACETRACK and | : | |
| HARRAH'S CHESTER CASINO & | : | |
| RACETRACK and CHESTER DOWN'S AND | : | |
| MARINA, LLC. | : | |
| | : | |
| *Defendants* | : | |

Plaintiff, Yoscata Martinez, by and through her attorneys, The Derek Smith Law Group, PLLC, complain of the defendants as follows:

## I. <u>NATURE OF THE COMPAINT</u>

This is an action seeking damages to redress the injuries Plaintiff has suffered, and continues to suffer, as a result of unlawful employment discrimination and retaliation by Defendant

against Plaintiff in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and to remedy violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA").

Plaintiff further seeks relief due the defendants, pattern, and practice of employment discrimination, both intentional and systematic, on the basis of Race.

## II.     JURISDICTION and VENUE

This Court has subject matter jurisdiction over Plaintiff's claims arising under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C § 1981, pursuant to 28 U.S.C. §1331, and 29 U.S.C. § 216(b).

Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted administrative remedies by having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and Plaintiff has received a Notice of Right to Sue letter from the EEOC on April 14, 2021. The Pennsylvania Human Relations Commission has yet to furnish a right to sue letter, however, the 90-day limitation on the EEOC claims will lapse on July 14, 2021.

## IV.     PARTIES

1.      Plaintiff, YOSCATA MARTINEZ, (hereinafter referred to as "MARTINEZ") is an adult female individual approximately thirty-two (32) years of age who currently resides at 901 Upland Avenue, Chester, PA  19013 and at all times relevant was an employee of Chester Casino & Racetrack, as evidenced by her paystub, working at 777 Harrah's Boulevard, Chester, Pennsylvania

19013.

2.      Defendant, CAESARS ENTERTAINMENT OPERATING COMPANY, INC., and CAESARS ENTERTAINMENT, INC. d/b/a CHESTERS CASINO & RACETRACK, CHESTER DOWNS and MARINA, LLC. and HARRAH'S PHILADELPHIA CASINO & RACETRACK and HARRAH'S CHESTER CASINO & RACETRACK and CHESTER DOWN'S AND MARINA, LLC. (hereinafter referred to as "HARRAH'S") are entities and/or organizations doing business and subject to the laws of the Commonwealth of Pennsylvania and Federal Laws and it has the requisite number of employees and is involved in interstate commerce.

3.      CAESARS ENTERNTAINMENT OPERATING COMPANY, INC. and CAESARS ENTERTAINMENT, INC. d/b/a CHESTERS CASINO & RACETRACK, have a business address at One Harrah's Way, Las Vegas, Nevada 89109.

4.      CHESTER DOWNS and MARINA, LLC. and HARRAH'S PHILADELPHIA CASINO & RACETRACK and HARRAH'S CHESTER CASINO & RACETRACK and CHESTER DOWN'S AND MARINA, LLC. have a business addresses at 777 Harrah's Boulevard, Chester, Pa 19013.

5.      HARRAH'S has the requisite number of employees to be subject to The Civil Rights Act of 1964, 42 U.S.C.§2000 et seq. as they have 15 or more employees for each working day in each of 20 or more calendar days per week, in the current or preceding calendar year.

6.      Defendant Patricia Cain (hereinafter referred to as "CAIN) has a business address of 777 Harrah's Boulevard, Chester, PA  19013.

7.      Defendant(s) accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including, Patricia Cain, VP.

8.      Patricia Cain had supervisory functions for the named Corporate Defendants, HAARAH'S and supervised HASTINGS.

## V.     Summary of Facts

13.      Plaintiff was hired by Caesars Entertainment, Inc. in 2013 as a cashier located at their casino in Chester, Pennsylvania.

14.      In approximately June 2013, Plaintiff became a Credit Representative with the Respondent.

15.      In 2015, Plaintiff was elevated to the position of Credit Executive.

16.      In January 2019, Plaintiff became a Labor Optimizer.

17.      Throughout Plaintiff's employment with the Corporate Respondents, she has received positive reviews for her work performance.

18.      In March 2020, Plaintiff, along with four other employees in the Labor Optimizer Group were furloughed due to the impact of the COVID-19 pandemic.

19.      In June 2020, the Corporate Respondents Casino facility in Chester, Pennsylvania re-opened to the public.

20.      The Optimizer Group had four employees that consisted of Daniel Tribuano, Kristine Ferrioli, Roy Dean and the Plaintiff. Of the four employees, Plaintiff is the only female and was the third most senior in the department. Roy Dean was the most recent hire and subordinate in date of hire to the other three.

21.      Plaintiff was involved in the hiring of Mr. Dean and was present at his interview. Immediately prior to his HARRAH'S employment, Mr. Dean was a barista at Starbucks.

22.      All the other Optimizer Group employees were brought back to work from furlough except the Plaintiff.

23.      Plaintiff received a telephone call on September 29, 2020 from Patricia Cain, VP, and head of Human Resources for the Respondents. In that call, Plaintiff was told that she was being "furloughed" as Plaintiff did not fit into the budget requirements of the Respondents and the Plaintiff would soon be receiving a furlough package. Although Plaintiff was not familiar with the term "furlough package" she did understand that it would not be a separation or termination package.

24.      Despite the representation made by the head of Human Resources, Patricia Cain, Plaintiff, received a separation agreement that, if signed, would pay her for six weeks along with her health insurance benefits. After six weeks, payment and benefits would stop. In exchange for this compensation, Plaintiff

would waive all rights and claims against the Respondent.

25.    Plaintiff was the only "Non-Caucasian" in the Optimizer Group and the only one to be terminated, despite her having good reviews and being more senior than Roy Dean.

26.    Plaintiff alleges that her termination was based upon her race and color. This despite the Employee Handbook which instructs all employees that Respondent is:

> **Equal Employment Opportunity:** The Company provides equal employment opportunity for all applicants and employees. The Company does not discriminate on the basis of race, color, religion, sex, sexual orientation, gender identity or expression, national origin, age, disability, or veteran status. This policy applies to all areas of employment including recruitment. hiring, training, promotion, compensation, benefits, transfers, and social and recreational programs.
>
> It is unlawful for an employer to fail or refuse to hire, to separate the employment, or to otherwise discriminate against any ·person with respect to compensation, terms, conditions or privileges of employment (including training) because of race, color, religion, sex, national origin, age, physical disability, or veteran status. Likewise, it is unlawful to limit, segregate, or classify employees in any way which would deprive or tend to deprive any person of employment opportunities because of any of these criteria. Notwithstanding the above, certain activities are not unlawful where a bona fide occupational qualification for the position can be determined.

27.    Upon information and belief, Plaintiff was the only person terminated from furlough in her department.

28.    The Cain "furloughed" representation made on September 29, 2020 was pretext for unlawful discrimination.

29.    Respondent discriminated against Plaintiff by:

a.    Not providing Plaintiff with the opportunity to return to work upon post pandemic opening of Defendants facility as they did with Roy Dean, a Caucasian male that had far less experience in the department and far less time of employment with Respondent than the Plaintiff.

b.    Not providing Plaintiff with the same rights as similarly situated non-Hispanic female employees.

30.    As a result of Respondents unlawful and discriminatory actions, Plaintiff is humiliated, degraded, victimized, embarrassed and emotionally distressed.

31.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonusses, benefits, and other compensation which such employment entails, and Plaintiff will also suffer future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

32.     Plaintiff has further experienced and continues to experience sever emotional and physical distress.

33.     Plaintiff further claims aggravation, activation, and /or exacerbation of any pre-existing conditions.

34.     Plaintiff claims that Respondent's unlawfully discriminated against Plaintiff because of race, and ethnicity and gender.

35.     Plaintiff claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violation doctrine.

36.     Plaintiff further claims unlawful discharge and seeks reinstatement.

37.     The above represent examples of some of the unlawful discrimination to which

38.     The Respondents have exhibited a pattern and practice of discrimination and disparate treatment on the basis of Race and Gender.


# COUNT ONE

## FOR DISCRIMINATION UNDER TITLE VII
## AGAINST ALL HARRAH DEFENDANTS

39.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

40.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) provides that it shall be unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

44. Defendants engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Plaintiff with respect to her privilege of employment when Defendants terminated Plaintiff due to her race and offered her position to a less senior employee who was Caucasian.

45. Plaintiff's protected characteristic (race) played a determinative factor in Defendants' decision.

46. Defendants cannot show any legitimate nondiscriminatory reasons for its employment practices and any reason proffered by Defendants for their actions against Plaintiff are pretextual and readily be disbelieved.

47. Alternatively, Plaintiff's protected status played a motivating part in the Defendants' decisions even if other factors may have also motivated their actions against Plaintiff.

48. Defendants acted with intent to discriminate

49. As a result of Defendants violations of Title VII, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, both tangible and intangible.

## COUNT TWO

## ACT 34 OF 1997, 43 P.S.§951-963
## DISCRIMINATION UNDER STATE LAW
## <u>AGAINST ALL DEFENDANTS</u>

50.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. Plaintiff's PHRA claims are still pending before the PHRC.

52. Plaintiff will seek leave to amend this complaint in the appropriate time to assert her PHRA claims against the Defendants. *See* Federal R. Civ.P. 159(a) (Courts "freely give leave to amend when justice so requires")

## COUNT THREE
## FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
## <u>(AGAINST ALL DEFENDANTS)</u>

53.  Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

54. 42 U.S. Code § 1981 - Equal rights under the law states provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

55. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

56. The rights protected by this section are protected against impairment by

nongovernmental discrimination and impairment under color of State law.

57. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving Hispanic individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

58. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

59. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

60. Defendants violated the above and Plaintiff suffered numerous damages as a result.

61. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

62. Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to

be determined at the time of trial plus interest, including but not limited to all emotional distress and

back pay and front pay, punitive damages, liquidated damages, statutory damages, attorney's fees,

costs, and disbursements of action; and for such other relief as the Court deems just and proper.


Dated: 4/21/2021                                          DEREK SMITH LAW GROUP, PLLC

                                                          By:/s/Scott E. Diamond
                                                              SCOTT E. DIAMOND, ESQ.
                                                              Attorney for Plaintiff